# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 CR 06-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RACHEL DAWN SEARS. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on May 8, 2009. It appearing to the court at the call of this matter on for hearing that the defendant was present with her attorney, David G. Belser and the government was present and represented through Assistant United States Attorney Mark Jones. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On February 5, 2009, a bill of indictment was issued charging the defendant with possessing with intent to distribute a quantity of methylenedioxymethamphetamine in violation of Title 21 U.S.C. § 841and title 18 U.S.C. § 2. On May 8, 2009, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, this court presented

the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that the defendant has now entered a plea of guilty on May 8, 2009 to possession with intent to distribute methylenedioxymethamphetamine in violation of 21 U.S.C. § 841. That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney as to whether or not there is going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. The Assistant United States Attorney advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty the undersigned cannot find there is a substantial likelihood that a motion for acquittal or

new trial will be granted and based upon the statement of the United States Attorney it does not appear that an attorney for the government has recommended that no sentence of imprisonment be imposed upon the defendant. Based upon representations of the United States Probation Office, the court is advised that the defendant has been compliant with all terms and conditions of her pretrial release and the defendant has worked at two jobs during her period of release and has been actively participating in outpatient drug treatment. Despite that fact, the undersigned is of the opinion that the provisions of 18 U.S.C. § 3143(a)(2) are mandatory and require the undersigned to detain the defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: May 12, 2009

Dennis L. Howell
United States Magistrate Judge